IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAYNE FREEMAN,                         *

    Plaintiff,                         *

v.                                     *       Civil Action No. GLR-22-1361

TIFFANY P. ROBINSON, et al.,           *

    Defendants.                        *

***

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on Defendants Tiffany P. Robinson, David R. Brinkley, and Larry Hogan's ("Government Defendants") Motion to Dismiss Amended Complaint (ECF No. 19).[1] The Motion is ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2021). For the reasons outlined below, the Court will grant the Motion in part, deny it in part without prejudice, and remand the remainder of the case to state court.

## I.    BACKGROUND[2]

Plaintiff Dayne Freeman worked as the Assistant Secretary for the Division of Unemployment Insurance at the Maryland Department of Labor ("DOL") from August 31,

---

[1] The Court notes that on June 6, 2022, Government Defendants filed a prior Motion to Dismiss (ECF No. 5) relating to the original Complaint (ECF No. 3). However, Freeman filed an Amended Complaint as of right on June 17, 2022 (ECF No. 7). Accordingly, the first Motion to Dismiss (ECF No. 5) shall be denied as moot.

[2] Unless otherwise noted, the Court takes the following facts from the Amended Complaint (ECF No. 7) and accepts them as true. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

2016 to October 2021. (Am. Compl. ¶ 12, ECF No. 7). During this time, Defendant Tiffany P. Robinson was Secretary for the Maryland DOL, David R. Brinkley was the Secretary for the Maryland Department of Budget and Management, and Larry Hogan was the Governor of Maryland. (Id. ¶¶ 2−4). In 2018, at Government Defendants' request, Freeman participated in a classification study to determine the sufficiency of compensation for employees in the Division of Unemployment Insurance. (Id. ¶ 14). The study found that the salaries of these employees, including Freeman, were insufficient and that they should be reclassified by one grade level and receive a six percent raise. (Id. ¶ 15). In September 2019, Freeman and Robinson presented the study to Brinkley, and he approved the recommended changes in compensation. (Id. ¶¶ 16−17). Freeman, Robinson, and Brinkley then submitted amendments to the Fiscal Year 2020 DOL Budget to account for the six percent raise and grade level bump for Unemployment Insurance employees. (Id. ¶ 18). The Maryland Legislature passed the proposed Budget, including the amendments, during the 2019 Legislative Session and Hogan also signed and approved it. (Id. ¶¶ 19−20).

Shortly thereafter, Robinson and Brinkley "expressly communicated" to Freeman that she was reclassified from ES7 to ES8 and that she would receive a six percent salary increase relating back to July 1, 2019. (Id. ¶ 21). Accordingly, she would also receive back wages for the six percent raise beginning on that date. (Id.). Nevertheless, Freeman alleges that she was never paid the six percent raise or back wages and that she was never reclassified, despite Government Defendants' assurances that she was entitled to these benefits. (Id. ¶¶ 24−26; Opp'n at 20, ECF No. 22).

Freeman further alleges that Government Defendants failed to pay cash overtime wages. (Am. Compl. ¶¶ 40−42). Although Freeman was originally an exempt employee and therefore not entitled to premium overtime wages, her status changed on March 24, 2020. (Id. ¶¶ 33−34). On that date, Hogan approved Brinkley and Robinson's recommendation that he suspend the exempt status of employees in the Division of Unemployment Insurance due to emergency circumstances created by the COVID-19 pandemic and the corresponding surge in unemployment claims. (Id. ¶¶ 30−32, 34). Hogan issued a signed memorandum explaining the suspension of exempt status and requiring the State to pay those employees cash overtime wages at the time-and-one-half rate until at least August 2021. (Id. ¶¶ 33, 35). Further, Robinson emailed Freeman and confirmed her change of status to nonexempt. (Id. ¶ 34.) Freeman worked 1,757.5 overtime hours from March 2020 to August 2021 in reliance on Government Defendants' promises of overtime pay, but she never received any cash overtime payments. (Id. ¶¶ 37−38).

Freeman filed her original Complaint (ECF No. 3) in the Circuit Court for Baltimore City on April 12, 2022. (Notice Removal ¶ 1, ECF No. 1). On June 6, 2022, Government Defendants removed the case to this Court on the basis of federal question jurisdiction. (Id. ¶ 5). Government Defendants filed their first Motion to Dismiss on the same day. (ECF No. 5). On June 17, 2022, Freeman filed an Amended Complaint alleging: breach of contract for failure to pay back wages due to the six percent salary increase (Count I); breach of contract for failure to pay cash overtime wages (Count II); unlawful taking of private property (wages) without just compensation in violation of 42 U.S.C. § 1983 and the Fifth Amendment (Count III); and a taking in violation of the Maryland Constitution

Article III § 40 (Count IV). (Am. Compl. ¶¶ 43–68). Government Defendants filed their Motion to Dismiss the Amended Complaint on July 20, 2022. (ECF No. 19). Freeman filed an Opposition on August 12, 2022 (ECF No. 22) and Government Defendants filed a Reply on September 6, 2022 (ECF No. 27).

## II.    DISCUSSION

### A.    <u>Standard of Review</u>

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>King v. Rubenstein</u>, 825 F.3d 206, 214 (4th Cir. 2016) (quoting <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. <u>Goss v. Bank of Am., N.A.</u>, 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting <u>Walters v. McMahen</u>, 684 F.3d 435, 439 (4th Cir. 2012)), <u>aff'd</u>, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a

whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**B.    Analysis**

**1.    § 1983 and Maryland Constitution Article III § 40 Claims**

First, the Court will analyze Freeman's claims under § 1983 and the Maryland Constitution (Counts III & IV) before turning to the breach of contract claims (Counts I & II).

Section 1983 provides a cause of action against persons who deprive others of their rights under the color of state law. See 43 U.S.C. § 1983. The statute itself creates no rights; rather it provides "a method for vindicating federal rights elsewhere conferred." Albright, 510 U.S. at 271. Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right preserved by another federal law or by the Constitution. See Baker v. McCollan, 443 U.S. 137, 140 (1979).

Here, Freeman alleges a Fifth Amendment taking of her wages. (See Am. Compl. ¶ 58). The Fifth Amendment, made applicable to the states through the Fourteenth Amendment, bars the government from taking private property "for public use, without just compensation." U.S. Const. amend. V. Article III, Section 40 of the Maryland

Constitution "prohibits the same and is interpreted <u>in pari materia</u> with the federal provision." <u>Student "C" v. Anne Arundel Cnty. Cmty. Coll.</u>, 513 F.Supp.3d 658, 666 (D.Md. 2021). Accordingly, the Court's analysis of Freeman's § 1983 and Fifth Amendment taking claim shall also constitute its analysis of her Maryland Constitutional taking claim.

In their Motion to Dismiss, Government Defendants first argue that they cannot be liable in their official capacity because state officials are not "persons" under § 1983. (Defs.' Mem. Supp. Mot. Dismiss ["Mot."] at 8, ECF No. 19-1). Freeman appears to concede this point as she does not make a contrary argument in her Opposition. (<u>See</u> Opp'n at 22). The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." <u>Will v. Michigan Dep't State Police</u>, 491 U.S. 58, 71 (1989). The Court will therefore dismiss the § 1983 claim as to Government Defendants in their official capacity.

Next, Government Defendants argue that the § 1983 claim must be dismissed as to their individual capacity for two reasons: 1) they have qualified immunity, (Mot. at 9), and 2) Freeman failed to state a valid takings claim because she has no protected property interest in a six percent salary increase or cash overtime payments, (<u>id.</u> at 13). At bottom, the Court agrees and will dismiss the § 1983 claim as to Government Defendants' individual capacities on both grounds.[3]

---

[3] The Court notes that Government Defendants present an additional argument for the dismissal of Freeman's Maryland Constitution claim: statutory immunity under the Maryland Tort Claims Act. (Mot. at 19). The Court need not address that argument here

### a.   Qualified Immunity

"It is a well-established principle of federal civil rights litigation . . . that government officials sued in their personal capacities for violations of federal rights are entitled to qualified immunity if the right was not clearly established at the time of the violation." Sheppard v. Visitors Va. State Univ., 993 F.3d 230, 238 (4th Cir. 2021) (quoting Doe v. Rector & Visitors of George Mason Univ., 132 F.Supp.3d 712, 724 (E.D.Va. 2015)). To determine whether qualified immunity shields Government Defendants, the Court "must consider whether (1) the facts make out a violation of a constitutional right and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." Id. (internal quotation marks omitted). A public official violates a "clearly established" right when "at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." Dist. of Columbia v. Wesby, 138 S.Ct. 577, 589 (2018) (internal quotation marks omitted). "The burden of establishing a qualified immunity defense rests on the official asserting the defense." Wingate v. Fulford, 987 F.3d 299, 311 (4th Cir. 2021).

Here, Freeman has established neither a violation of a federal right nor that the right was clearly established. She argues that she had a federal right to increased compensation "derived directly from contracts, promises, guarantees, and affirmations made by Defendants." (Opp'n at 23). Although Freeman may have alleged a contractual right to increased compensation, she does not identify a federal statute, Constitutional provision,

---

because, as set forth below, it finds that the State Constitutional takings claim must be dismissed because Freeman has not alleged a protected property interest.

or case establishing a pay raise or emergency overtime wages as a <u>federal</u> right. <u>See</u> <u>Heath</u>
<u>v. City of Fairfax</u>, 542 F.2d 1236, 1238 (4th Cir. 1976) (finding no federal constitutional
issues posed by a contract dispute for alleged unpaid wages). Next, Freeman argues that
Government Defendants violated a clearly established right because they contracted to pay
her, and thus reasonable officers would understand withholding her pay to be unlawful.
(<u>See</u> Opp'n at 23). However, the Court, like Government Defendants, could find no
"controlling authority in which a plaintiff successfully prevailed on a § 1983 claim alleging
public officials violated a constitutional right when they failed to pay a public employee
an allegedly promised pay raise." (Mot. at 12). Freeman's argument therefore misses the
mark because she does not identify "existing precedent" to "place[] the statutory or
constitutional question beyond debate." <u>See</u> <u>Allen v. Cooper</u>, 895 F.3d 337, 356 (4th Cir.
2018), <u>aff'd</u>, 140 S.Ct. 994 (2020). Without citation to such precedent, Government
Defendants could not have violated a "clearly established" federal right and they are
entitled to qualified immunity. Accordingly, Freeman's § 1983 claim will be dismissed on
this ground.

> **b.      Takings Claims and Valid Property Interests**

Defendants also argue that Freeman did not allege a valid property interest and
therefore that she cannot establish a taking. (Mot. at 13). "To state a valid takings claim,
Plaintiff must first identify a valid property interest." <u>Student "C"</u>, 513 F.Supp.3d at 667.
Whether a property interest exists "is determined by reference to 'existing rules or
understandings that stem from an independent source such as state law.'" <u>Phillips v.</u>

Washington Legal Found., 524 U.S. 156, 164 (1998) (citing Bd. Regents State Colls. v. Roth, 408 U.S. 564, 577 (1972)).

Freeman alleges that she "earned and had a specific vested property and ownership right in and over wages earned by Plaintiff" including a six percent raise and cash overtime wages. (Am. Compl. ¶ 59). She argues that her property interest stems from "binding contractual entitlement" and that "it is black letter law that protected property right may properly arise from a valid contractual right." (Opp'n at 23 (citing Lynch v. United States, 292 U.S. 571, 579 (1934)). Defendants, on the other hand, posit that a contractual right cannot constitute a property interest in the context of a direct taking by the government. (Mot. at 15). They cite this Court's reasoning in Student "C" v. Anne Arundel County Community College:

> As a general matter, there is ample precedent for acknowledging a property interest in contract rights under the Fifth Amendment. However, when the government itself breaches a contract, instead of indirectly interfering in a plaintiff's contract with a third-party, the plaintiff must seek compensation from the government in contract rather than under a takings claim.

(Id.) (citing Student "C", 513 F.Supp.3d at 667) (cleaned up).[4]

Freeman's only response to this controlling precedent is to cite Washlefske v. Winston, 234 F.3d 179, 184 (4th Cir. 2000), to assert that "private citizens ordinarily have

---

[4] Here, as in Student "C", it can fairly be said that Freeman alleges a breach of contract by the government itself. Although Freeman sued Government Defendants in their personal and official capacities, she does not allege that she had contracted with them as individuals – rather, she had an employment contract with the State government and the government, through Government Defendants in their official capacity, breached that contract. (See Am. Compl. ¶¶ 12−13, 44, 47).

a constitutionally protected property interest in wages earned from their labor under employment contracts [. . .], inmates do not." (Opp'n at 24). Washlefske, however, is inapposite because it concerns allegations that prison officials took funds from the plaintiff's prison account. Washlefske, 234 F.3d at 181. Consequently, it has no bearing upon the situation at bar where the government allegedly breached a contract and it does not refute the legal principle articulated in Student "C."

In sum, Freeman has alleged that the government breached the employment contract and therefore she cannot have a valid property interest in the unpaid wages or establish a valid takings claim. See Student "C", 513 F.Supp.3d at 667. Instead, she must seek relief under contract law. Id. Accordingly, the Court will dismiss Counts III and IV.

## 2.    Contract Claims

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" under 28 U.S.C. § 1331, as well as those "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States" under 28 U.S.C. § 1332(a). Defendants premised the removal of this case on federal question jurisdiction. (Notice Removal ¶¶ 4−5 (citing 28 U.S.C. §§ 1331, 1441, 1446)).

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377

(1994)). "[B]efore a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." <u>Miller v. Brown</u>, 462 F.3d 312, 316 (4th Cir. 2006).

Here, Freeman no longer has any surviving claims under federal law. Accordingly, the Court does not have jurisdiction to hear the contract claims. Thus, the Court will remand the case back to the Circuit Court for Baltimore City for resolution of the final two claims for breach of contract (Counts I & II).

### III.    CONCLUSION

For the foregoing reasons, the Court grant Government Defendants' Motion to Dismiss (ECF No. 19) as to Freeman's claims for violation of § 1983 and the Fifth Amendment (Count III), and violation of Maryland Constitution Article III § 40 (Count IV). The Court will deny the Motion as to the breach of contract claims under state law (Counts I & II) without prejudice. As the Court does not have jurisdiction over the state law claims (Counts I and II), the Court will remand this action to state court.

A separate Order follows.

Entered this 15th day of February, 2023.

_____
/s/
George L. Russell, III
United States District Judge